UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **Jonathan Diaz**, <br><br> Plaintiff, <br><br> v. <br><br> M<small>I</small> R<small>ANCHO</small> B<small>RAVO</small>, LLC, <br><br> Defendant. | Cause No. 1:21-CV-2186 |

## **COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**

Mr. Diaz is suing M<small>I</small> R<small>ANCHO</small> B<small>RAVO</small> for failure to pay minimum wages and overtime wages as required by the F<small>AIR</small> L<small>ABOR</small> S<small>TANDARDS</small> A<small>CT</small>, 29 U.S.C. § 201 *et seq*. This lawsuit is properly venued in the Southern District of Indiana under 29 U.S.C. § 1391(b)(1) and (2). This Court has subject-matter jurisdiction over Mr. Diaz's FLSA claim under 28 U.S.C. § 1331. Mr. Diaz seeks all available legal and equitable relief and respectfully requests a trial by jury.

Respectfully submitted,

*/s/ Benjamin C. Ellis*
Benjamin C. Ellis
HKM E<small>MPLOYMENT</small> A<small>TTORNEYS</small> LLP
320 N. Meridian St., Ste. 615
Indianapolis, IN 46204
P/F     |   (317) 824-9747
Email   |   bellis@hkm.com

## 1. INTRODUCTION

From June 2018, until he quit in April 2021, Mi Rancho Bravo never paid Jonathan Diaz. It failed to pay the $2.13 hourly minimum wage due to him as a tipped employee. And it failed to pay the $5.76 hourly overtime wage due to him for hours worked over 40 in a week. If not for the generosity of Mi Rancho Bravo's patrons, Mr. Diaz would not have been paid at all.

Mr. Diaz now seeks all available relief for Mi Rancho Bravo's violations of the Fair Labor Standards Act.

## 2. JURISDICTION & VENUE

1. This Court has original jurisdiction, under 28 U.S.C. § 1331, of Mr. Diaz' claim for violation of the FLSA, because it arises under the laws of the United States.

2. This Court is a proper venue for this lawsuit, under 28 U.S.C. § 1391(b)(1) and (2), because the parties reside in the Southern District of Indiana, and a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Indiana.

3. **PARTIES**

   3.1. **Plaintiff**

   3. Plaintiff Jonathan Diaz resides in Montgomery County, Indiana.

   3.2. **Defendants**

   4. Defendant MI RANCHO BRAVO, LLC was, at all relevant times, an Indiana limited liability company (Business ID No. 2013052800147) with its principal place of business being Boone County, Indiana.

4. **STATEMENT OF FACTS**

   5. Mr. Diaz was hired as a waiter by MI RANCHO BRAVO in or about June 2018.

   6. Mr. Diaz worked solely for tips for the entirety of his employment at MI RANCHO BRAVO.

   7. According to Mr. Diaz' written schedules from May 27, 2020 through March 6, 2021 he was scheduled to work 1,498 hours.

   8. However, Mr. Diaz was required to work during his scheduled breaks between morning and afternoon shifts, meaning that on any given day he was required to work an extra one to two hours.

   9. Based on the schedules and Mr. Diaz' work during scheduled breaks, it is estimated that Mr. Diaz worked 60-65 hours per week.

   10. Based on the schedules and Mr. Diaz' work during scheduled breaks, it is estimated that Mr. Diaz worked between 8,400 and 9,100 hours for MI RANCHO BRAVO.

11. Based on the schedules and Mr. Diaz' work during scheduled breaks, it is estimated that Mr. Diaz is owed $11,928 in regular wages.

12. Based on the schedules and Mr. Diaz' work during scheduled breaks, it is estimated that Mr. Diaz is owed between $16,128 and $20,160 in overtime wages.

13. Because MI RANCHO BRAVO never once paid Mr. Diaz his wages, he is entitled to liquidated damages in the amount of his regular and overtime wages, or $28,056 to $32,088.

## 5. STATEMENT OF CLAIMS

### 5.1. Failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

14. MI RANCHO BRAVO employed Mr. Diaz from in or about June 2018 through in or about April 2021;

15. Mr. Diaz's work was engaged in commerce;

16. MI RANCHO BRAVO's business employed at least two persons, was engaged in commerce, and had annual gross sales of at least $500,000; and

17. MI RANCHO BRAVO failed to pay Mr. Diaz minimum wages as required by law.

### 5.2. Failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

18. MI RANCHO BRAVO employed Mr. Diaz from in or about June 2018 through in or about April 2021;

19. Mr. Diaz's work was engaged in commerce;

20. MI RANCHO BRAVO's business employed at least two persons, was engaged in commerce, and had annual gross sales of at least $500,000; and

21. MI RANCHO BRAVO failed to pay Mr. Diaz overtime pay as required by law.

## 6. PRAYER FOR RELIEF

Mr. Diaz respectfully requests that judgment be entered in his favor, and against MI RANCHO BRAVO for its violations of the FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 *et seq.* Mr. Diaz requests all available relief on his claim, including the following:

 a. Back pay in the minimum amount of $28,056 to $32,088;
 b. Liquidated damages in the minimum amount of $28,056 to $32,088;
 c. Attorney fees and costs; and
 d. Prejudgment and postjudgment interest.

## 7. JURY DEMAND

As required by Fed. R. Civ. P. 38(b), Mr. Diaz respectfully requests a trial by jury on all issues so triable.